FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN DIEGO RIVAS-NUNEZ, <br><br> Defendant. | No. 1:22-CR-02081-SAB-1 <br><br> ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT AND SETTING DETENTION HEARING <br><br> **ECF No. 14** |

On Thursday, August 25, 2022, Defendant made an initial appearance and was arraigned based on the Indictment (ECF No. 1). Defendant was represented by Assistant Federal Defender Nick Mirr. Assistant United States Attorney Michael Murphy represented the United States. With Defendant's consent, Defendant appeared by video from Yakima.

Defendant was advised of and acknowledged Defendant's rights.

The Court entered pleas of not guilty on Defendant's behalf.

The Office of the Federal Defenders was appointed to represent Defendant.

ORDER - 1

The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the United States may

apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation.  The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.  Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent.  As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

A detention hearing was set before **Judge Ekstrom in Yakima, Washington, on Monday, August 29, 2022, at 2:30 PM.**  Pending the hearing, Defendant shall be detained in the custody of the United States Marshal and produced for the hearing.  The United States Probation/Pretrial Services Office

ORDER - 3

shall prepare any supplemental pretrial services report prior to the hearing and shall notify defense counsel prior to interviewing Defendant.

**IT IS SO ORDERED**.

DATED August 25, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4