FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>JUAN DIEGO RIVAS NUNEZ,<br><br>    Defendant. | NO. 1:22-CR-02081-SAB-1<br><br>**ORDER RE: APPEAL OF MAGISTRATE RULING**<br><br>**\*\*U.S. MARSHALS SERVICE ACTION REQUIRED\*\*** |

  Before the Court are Defendant's Motion to Reconsider Ruling on Motion to Review Order of Detention, Appeal of Magistrate Ruling, ECF No. 48 and related Motion to Expedite, ECF No. 49. A hearing on the motion was held on December 7, 2022, in Yakima, Washington. Defendant was present in custody and represented by Paul Shelton. The United States was represented by Frances Walker.

  Previously, the Court denied Defendant's motion to release him to inpatient substance abuse treatment, but granted him leave to renew. Defendant now asks the Court to reconsider its decision based on additional information. Both the United States and the Probation Office oppose his release to treatment. This Order memorializes the Court's oral ruling.

//

ORDER RE: APPEAL OF MAGISTRATE RULING ~ 1

## Bail Reform Act

The Bail Reform Act, 18 U.S.C. §§ 3141-3150, 3156, governs the detention of a defendant pending trial. The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Section 3142 (c)(B) permits the Court to release a Defendant to a specific institution for treatment for drug or alcohol dependency.

Section 3142(g) sets forth the factors the Court considers in determining whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other persons and the community. These include: the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history related to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and the nature and seriousness of the danger to any person and the community that would be posed by the person's release.

A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B).

## Section 3142(g) Factors

Defendant is charged with two counts of distributing 40 grams or more of a substance containing fentanyl. He is facing a mandatory minimum five years imprisonment. The charges in the Indictment involve conduct that occurred in May 2022. The United States, however, did not seek and obtain an Indictment against Defendant until August 9, 2022.

Officers attempted to arrest Defendant when he was leaving his residence. Rather than comply, he went back into the residence and stayed there for

ORDER RE: APPEAL OF MAGISTRATE RULING ~ 2

approximately fifteen minutes. It appears there were others in the house as well. After fifteen minutes passed, Defendant and the other resident(s) exited the house without further incident. While searching the residence, officers noted that it appeared that attempts had been made to flush drugs down the sink and showers. Officers also found a significant amount of cash and guns in the house.

Defendant's mother informed Probation that Defendant lived at the house with five others, and they were all using drugs. She also stated that she was aware that Defendant uses unknown drugs to help cope with anxiety. She reported that Defendant began suffering from mental health and substance abuse issues beginning around age 12.

Defendant has minimal criminal history. He has a few failures to appear in court, but as counsel explained, Defendant usually resolved any bench warrants in a matter of days. It also appears that some of the failure to appear were due to his not receiving notice or because the changing of his counsel of record. Eventually, all charges were resolved after Defendant completed his court-ordered requirements.

Defendant has lived in the Eastern District of Washington throughout his life, primarily in Granger, as well as Sunnyside and Yakima. His mother and stepfather live in Granger, Washington, along with his siblings.

## Analysis

Although Defendant is being asked to be released to an inpatient treatment facility, the facility is not secure, so the Court reviews his request as if he is asking to be released into the community. The Court also notes that at this point, Defendant indicates that upon successful completion of treatment, he will return immediately into custody.[1]

---

[1] Defendant asks, however, that the Court set a status hearing while he is in treatment so he may propose a release plan to the community.

ORDER RE: APPEAL OF MAGISTRATE RULING ~ 3

Here, the record supports the release of Defendant into inpatient treatment. Defendant is a young man with a history of drug abuse and addiction, as well as mental health issues since his teenage years. He has expressed a willingness and desire to obtain treatment to address his addiction. Defendant will not have access to guns or drugs while in treatment. Presumably, the United States has in its possession all of the relevant evidence needed to prosecute Defendant. There is nothing in the record that suggests that Defendant will attempt to interfere with the prosecution by intimidating witnesses.

The Court does not find that Defendant's actions during his arrest preclude him from being released into inpatient treatment. First, it is not clear whether it was Defendant or others in the house who attempted to flush the drugs down the drain. Second, the "stand-off" between officers lasted fifteen minutes, and there is nothing in the record to suggest that Defendant threatened the officers or brandished a firearm during that time.

Finally, while the charges are significant and there were a number of firearms in the residence, it appears there were also a significant number of persons living in the residence. Defendant is not a felon, and therefore he is not prohibited from possessing firearms. Notably, the weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence.

Consequently, the Court finds there are conditions that can be imposed that will reasonably assure the appearance of Defendant as required as well as protect the safety of other persons and the community. Defendant is permitted to be released to attend inpatient treatment at the Center for Alcohol and Drug Treatment located in Wenatchee, Washington.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reconsider Rule on Motion to Review Order of Detention, Appeal of Magistrate Ruling, ECF No. 48, is **GRANTED**.

2. Defendant's Motion to Expedite, ECF No. 49, is **GRANTED**.

ORDER RE: APPEAL OF MAGISTRATE RULING ~ 4

3. The U.S. Marshals Service is directed to **release** Defendant on **December 12, 2022** at **8:00 a.m**. to a family member who has been approved by U.S. Probation.

4. The family member is directed to transport Defendant to the Center for Alcohol and Drug Treatment in Wenatchee, Washington.

5. Counsel shall contact the Court to set up a status hearing prior to his release from treatment.

6. Defendant shall abide by the following conditions at all times:

1. Defendant shall not commit, or be convicted of, any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned Matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

5. Defendant shall not possess a firearm, destructive device or any dangerous weapons. There shall be no firearms in Defendant's release address.

6. Defendant shall report to the U.S. Probation/Pretrial Services office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

ORDER RE: APPEAL OF MAGISTRATE RULING ~ 5

8. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

### Special Conditions of Release

1. Defendant shall remain at the Center for Alcohol and Drug Treatment located in Wenatchee, Washington until he successfully completes inpatient substance abuse treatment. Upon completion, Defendant shall return to the Yakima County Jail.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of

ORDER RE: APPEAL OF MAGISTRATE RULING ~ 6

confidentiality permitting the United States Probation/Pretrial services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

5. Defendant shall abstain totally from the use of alcohol.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, U.S. Probation and the U.S. Marshals Service.

**DATED** this 7th day of December 2022.



_____
Stanley A. Bastian
Chief United States District Judge

ORDER RE: APPEAL OF MAGISTRATE RULING ~ 7